UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ENCORE PREAKNESS, INC. formerly known as SELECT MEDICAL REHABILITATION SERVICES, INC., ) ) ) ) | |
| Plaintiff, ) ) | No. 4:16-cv-00197-RLY-TAB |
| vs. ) ) | |
| SHADY NOOK NURSING HOME, INC. doing business as SHADY NOOK CARE CENTER, LAWRENCEBURG TRAINING CENTER, INC. doing business as PINE KNOLL ASSISTED LIVING CENTER, FOX HOLLOW, INC., ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

**ORDER ON DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER**

Defendant Fox Hollow, Inc. moves for leave to amend its answer to include counterclaims for breach of contract and tortious interference with a contractual relationship. Plaintiff Encore Preakness, Inc. argues both counterclaims are futile. However, the Court is unconvinced. For reasons explained below, Fox Hollow's motion [Filing No. 31] is granted.

The Court freely grants leave to amend unless there is an undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the opposing party, or the amendment is futile. Fed. R. Civ. P. 15(a)(2); *Huon v. Denton*, 841 F.3d 733, 745 (7th Cir. 2016). Amendments are futile if they would not withstand a motion to dismiss. *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013). To withstand a motion to dismiss claims must only include enough facts to state a claim to relief that is

plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007); *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

While the resolution of these issues is best left for another day, the Court cannot conclude at this stage that these claims would not survive a motion to dismiss. Fox Hollow's proposed amendment alleges Encore Preakness materially breached the contract by providing inadequate service, failing to provide a plan of care, and failing to prepare accurate treatment records. [Filing No. 31-2, at ECF p. 18-19.] The proposed amendment seeks damages for lost revenue, costs, and fees. [*Id.*] The relevant exculpatory clause states "neither party shall be liable for special, incidental, consequential or punitive damages under this Agreement, even if advised of the possibility thereof of such damages." [Filing No. 21-1, at ECF p. 7.] Encore Preakness argues this undermines the damages and the claim fails as a result. Fox Hollow argues this clause does not bar his claim because it fails to specify what conduct could cause compensable damages. Indeed, whether lost revenue from a breach of the contract triggers the exculpatory clause is unclear. Based on the facts alleged in the proposed amendment, Fox Hollow's breach of contract counterclaim is not futile.

Encore Preakness' second argument similarly fails. Encore Preakness argues Fox Hollow's interference with a contractual relationship amendment fails to state a valid claim. Fox Hollow counters that the facts alleged meet the notice pleading standard. Tortious interference with a contractual relationship requires (1) the existence of a valid and enforceable contract; (2) knowledge of the existence of the contract; (3) intentional inducement of a breach of contract; (4) absence of justification; and (5) damages a result of the conduct. *Williams v. Seniff*, 342 F.3d 774, 792 (7th Cir. 2003).

Encore Preakness argues Fox Hollow fails to provide facts supporting the third element. However, Fox Hollow's proposed amendment alleges Encore Preakness was aware of Fox Hollow's contract with Dearborn County Hospital, knew that providing inadequate services would induce Dearborn County Hospital to stop sending patients to Fox Hollow, had no justification for providing inadequate service, and caused Fox Hollow monetary damages. [Filing No. 31-2, at ECF p. 20.] These alleged facts would put Encore Preakness on notice of the third element. As a result, Fox Hollow's tortious interference with a business relationship counterclaim is not futile.

For these reasons, Fox Hollow's proposed counterclaims are not futile. Therefore, Fox Hollow's motion to amend its answer [Filing No. 31] is granted. Fox Hollow's amended answer [Filing No. 31-2] with added counterclaims is deemed filed as of the date of this order.

Date: 7/18/2017

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all counsel of record via CM/ECF.